UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAYNE E. IRVIN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOE A. LIZARRAGA,<br><br>　　　　　Respondent. | No. 2:19-cv-0035-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se on a petition[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, his petition must be dismissed.

I. Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). Further, a habeas petition must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

/////

---

[1] Petitioner subsequently filed a "supplemental memorandum" to his petition. ECF No. 6. Although the supplemental memorandum is not complete without necessitating reference to the original petition, in violation of Local Rule 220, the court has considered its contents in an abundance of caution.

1

II. Analysis

Petitioner states that on February 2, 1996, pursuant to the terms of a plea agreement, the Trinity County Superior Court sentenced him to one year in county jail and three years of probation. ECF No. 1 at 3. After completing his term in county jail, he was released on probation. *Id.* at 4. While on probation, petitioner was arrested in Humboldt County for his "current offenses." *Id.* at 5. On March 20, 1998, the Humboldt County Superior Court sentenced petitioner to a state prison term of twenty-three years to life. *Id.* That conviction triggered a parole revocation hearing in Trinity County, which resulted in an unspecified state prison sentence "added consecutively to his current sentence." *Id.* Petitioner brings this petition on the alleged basis that the Trinity County Superior Court, in revoking his probation, gave him an illegal sentence and produced a factually incorrect abstract of judgment. *Id.* at 3, 6-8. He asks the court to 1) correct the probation report; 2) correct the reporter's transcript; 3) modify the reporter's transcript; and 4) issue a new amended abstract of judgment. *Id.* at 9.

Critically, this court appears to lack subject matter jurisdiction over petitioner's claims. Petitioner is not yet in custody pursuant to the revocation of parole sentence that he now challenges. *See id.* at 5 (alleging he is currently serving a twenty-three years to life sentence imposed on March 20, 1998 by the Humboldt County Superior Court, and that the Trinity County revocation of parole sentence is to run "consecutively"); *see also Woodall v. Beauchamp*, 450 F. App'x 655, 657 (9th Cir. 2011) (habeas petitioner must be in custody as a result of the challenged conviction, not on unrelated charges).

Assuming, however, that petitioner's claims are ripe for review, they fail insofar as they involve only an application of state sentencing laws and, thus, do not give rise to a federal question. *See Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n.21 (1982); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The court

recognizes that petitioner claims that his sentence is illegal not only under state law, but also pursuant to the U.S. Constitution. He does not, however, satisfactorily explain how his state claims intersect with the U.S. Constitution. And the mere invocation of the U.S. Constitution is insufficient to convert claims based on state law – as the immediate ones clearly are – into federal ones.[2] *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A claimant] may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process . . . .") (as modified).

III. Conclusion

Accordingly, it is RECOMMENDED that the petition (ECF No. 1) be dismissed and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Ninth Circuit has carved out a potential exception for showings of "fundamental unfairness." *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994) ("*Absent a showing of fundamental unfairness*, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.") (emphasis added). Suffice it to say, petitioner has not shown that the Trinity County Superior Court's decision resulting from the parole revocation hearing is "fundamentally unfair."

3